# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

One Pierrepont Plaza
Brooklyn, New York 11201

Mailing Address: 147 Pierrepont Street
Brooklyn, New York 11201

January 9, 2008

**By ECF and By Fax**

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: **United States v. Ronald Washington,**
          **Criminal Docket No. 05-558 (S-1) (NG)**

Dear Judge Gershon:

      The government writes in response to the defendant's second sentencing letter, dated December 29, 2007, and to request that the Probation Department: (1) reconsider its recommendation of the appropriate sentence and/or (2) prepare an addendum addressing the affect on the guidelines of Judge Ross's recent finding in <u>United States v. Rodney Reid</u>, 05 Cr. 596 (ARR), that the defendant Ronald Washington had submitted an affidavit in furtherance of defendant Reid's attempt to obstruct justice in the <u>Reid</u> case. We have ordered a copy of the transcript of Judge Ross's findings concerning the affidavit submitted by the defendant (a copy of which is attached) and will forward the transcript to the Probation Department and the Court when we receive it.

      In this letter, we first address the defendant's December 29, 2007 letter. We then address Judge Ross's recent finding of obstruction.

<u>The Defendant Committed Murder</u>

      The Pre-Sentence Report correctly notes that the government possesses proof, above and beyond a preponderance, that the committed murder. (PSR ¶¶ 88-89) The defendant requests that these portions of the PSR be stricken. We believe that proof of the defendant's commission of murder (in the murder of Randy Walker, he was the shooter) is highly relevant to the

"history and characteristics of the defendant" and the "need for the sentence imposed ... to protect the public from further crimes of the defendant," 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(c).  To the extent the Court agrees, and desires such proof, we can provide it.[1]  We therefore object to the defendant's request that references to these crimes be stricken from the PSR.  In the event the Court hears evidence on the defendant's participation in murder, we reserve our right to request that the defendant be sentenced at or near the top of the applicable statutory maximum, consistent with the stated purposes of 18 U.S.C. § 3553.

The Defendant Caused Injury to a Woman at Elayne's Salon

The defendant again requests that the Court not hold the defendant accountable for the injury he caused to the woman at Elayne's Beauty Salon who fell and injured herself during the defendant's armed robbery.  The defendant states: "according to the 'Addendum," it is the agent's contention that the injury to the customer occurred as she tripped and fell **while returning to the salon after the robbery and after Mr. Washington had left the area**."  That is wrong.

The testimony at trial was that the woman fell and injured herself while fleeing from the defendant who was wielding a gun.  (Tr. at 300)  The Probation Department has made it clear that "the victim ... sustained a broken arm **while fleeing from the defendant**."  (Probation Department Sentencing Recommendation, dated September 27, 2007).  In the Addendum, the Probation Department wrote: "the case agent reported that during the robbery of Elayne's Beauty Salon, the defendant directed the customers to the back of the store; **while doing so, a customer ran to the back of the store, fell and broke her arm**." (Addendum, dated November 2, 2007)

The facts are that the defendant caused injury to a woman at the salon by entering the salon, drawing a gun and frightening those inside the salon during the course of the robbery.  The two point enhancement is justified and appropriate.

---

[1] We are also prepared to provide the evidence to the Probation Department.

## The Defendant Is A Career Offender; His Criminal
<u>History Category is a VI, No Matter the Computation</u>

The defendant continues to attempt to divert the Court's attention away from the fact that he is a Career Offender pursuant to Guidelines Section 4B1.1(a) and that he is therefore in Criminal History Category VI.

As we showed in our letter dated October 31, 2007, the instant offense is a "crime of violence," the defendant's 1993 heroin distribution conviction was for a "controlled substance offense," and his 1987 felony assault conviction in 1987 was another "crime of violence." Guidelines Section 4B1.2. Accordingly, regardless of any other computations that might apply, the defendant falls within Criminal History Category VI and has an offense level of 32. Guidelines Section 4B1.1(b)(C). Thus, all of the defendant's arguments concerning criminal history points are irrelevant.

As just one example, the defendant continues to insist that his November 23, 1987 conviction in New York for felony assault - - arising out of his February 1987 arrest for attempted murder of a member of the New York Police Department - - for which he was sentenced to an indeterminate term of 5 to 10 years in custody, should not count towards his criminal history category. But putting aside the fact that he is a Career Offender and the computations are irrelevant, that conviction should count. The conviction dates from November 23, 1987, firmly within the applicable 15 year time period running back from his commission of the instant offenses, which began in October 2002.

The defendant has the temerity, however, to suggest that, nonetheless, the "Court should consider an adjustment consistent with the spirit of the guideline" and reduce the defendant's criminal history computation, (Defendant's Letter dated December 29, 2007 at p. 3), even though the defendant has been convicted of at least **six violent or drug-related felonies** prior to his conviction in this case: (1) attempted robbery on March 16, 1982 (18 to 54 months custody); (2) robbery on February 1, 1982 (18 to 54 months custody); (3) grand larceny on July 10, 1984 (18 to 36 months custody); (4) assault on November 23, 1987 (5 to 10 years custody); (5) heroin distribution committed on December 6, 1993 and heroin distribution committed on December 19, 1993 (10 years custody); and (6) robbery on January 23, 2004 (7 years custody).

4

       In sum, the defendant's Criminal History is and should be Category VI.  He is deserving of no special treatment or sympathy.  To the contrary, he has committed crimes at every turn over the course of more than 20 years.

<u>The Defendant's Recent Obstruction of Justice</u>

       Trial testimony in <u>United States v. Rodney Reid</u>, 05 Cr. 596 (ARR), a case tried before Judge Ross, established that the defendant Reid had obstructed justice by suborning false testimony at a previous state trial.  After his federal conviction, Reid submitted a motion to Judge Ross for a new trial based, in part, on a June 7, 2007 affidavit sworn to by the defendant Ronald Washington.  Judge Ross denied the motion from the bench.  I am informed by AUSA David Bitkower that, in denying the motion, Judge Ross explicitly found that the affidavit was not credible, and that its submission was a part of Reid's broader pattern of obstruction, including his earlier subornation of perjury.

       As noted, we have ordered the transcript of Judge Ross's December 28, 2007 findings in expedited fashion and will forward it to the Court and Probation when we obtain it.  It appears that the defendant, by submitting a false affidavit to Judge Ross, engaged in new criminal conduct after his guilty verdict in this case.  We request that Probation determine whether and how this new criminal conduct affects the guidelines and we reserve the right to request (1) a sentence within or at the top of the new, higher, guideline range or (2) at the high end or above the present guideline range.

                  Very truly yours,

                  BENTON J. CAMPBELL
                  United States Attorney

       By: _____

                  Sean Haran
                  Assistant U.S. Attorney
                  (718) 254-6176

cc: Susan Kellman, Esq. (By Fax)
    Clerk of the Court (NG) (By ECF)