

U.S. Department of Justice

United States Attorney
Eastern District of New York

NB:JAM/MEM/MG
F. #2017R00509

271 Cadman Plaza East
Brooklyn, New York 11201

December 31, 2023

<u>By ECF</u>

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Karl Jordan, Jr., et al.
              Criminal Docket No. 20-CR-305 (S-2) (LDH)</u>

Dear Judge DeArcy Hall:

      Pursuant to the Court's December 22, 2023 Order, the government respectfully submits its proposed jury charges, verdict sheet and voir dire.

      The government notes that the defendants' proposed voir dire incorrectly states that "Count One charges the defendants with murdering Jason Mizell while engaged in a continuing criminal enterprise." ECF No. 202 at 2. To be clear, Count One of the Superseding Indictment charges the defendants with a different provision of 21 U.S.C. § 848(e), specifically with "engaging in an offense punishable under section 841(b)(1)(A) of this title . . . who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results."[1] ECF No. 151 (superseding indictment); <u>see</u> 21 U.S.C.

---

[1] <u>See, e.g.</u>, <u>United States v. Guzman Loera</u>, No. 09-CR-466 (BMC), 2018 WL 4288623, at *2 (E.D.N.Y. Sept. 7, 2018) (noting Section 848(e) is "triggered by an intentional killing (or the counseling, commanding, inducing, causing, etc. of a killing) in three different situations": "while (1) 'engaging in' a continuing criminal enterprise; or (2) 'working in furtherance of' a continuing criminal enterprise; or (3) 'engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title'"); 3 Modern Federal Jury Instructions 56-51, 56-52, 56-55 (distinguishing drug offense from continuing criminal enterprise ("CCE") under Section 848(e)(1)(A)); <u>id.</u>, Instruction 56-25 (listing elements of a CCE); <u>compare</u> <u>United States v. Cureton</u>, No. 16-CR-23 (CBA), ECF No. 35 (indictment charging Section 848 as murder while engaged in narcotics trafficking conspiracy), <u>with</u> <u>United States v. Guzman Loera ("El Chapo")</u>, No. 09-CR-466 (BMC), ECF No. 558-3 (indictment charging Section 848 as CCE).

§ 848(e)(1)(A). As such, the defendants' description of Count One should be revised, and references to a criminal enterprise in their proposed questions in 40-44 are inapplicable to the charged offenses.

The government also opposes the defendants' request to show prospective jurors a video from the Western District of Washington to explain the concept of implicit or unconscious bias (hereinafter the "Venire Video").[2] As set forth below, the government has no objection to the Court providing an instruction to the prospective jurors as to implicit or unconscious bias but objects to the Venire Video.

<u>First</u>, the Court should deny the request because the Venire Video inherently highlights one instruction over all of the others. The government anticipates that the Court will deliver all of its instructions to the venire orally. Should the Court play the Venire Video, it will not only deliver one instruction in a different format than all of the other instructions given by the Court, but it would also present a video longer than all of the other delivered instructions combined. Each instruction in a criminal case carries great weight—including those that address the need to disregard explicit biases, the burden of proof beyond a reasonable doubt and the presumption of the defendant's innocence. The Court should decline to play one video that highlights one instruction over all the others—particularly where the instruction is not narrowly tailored to a discussion of implicit bias.

<u>Second</u>, playing the Venire Video has the potential to unfairly prejudice the government in the present case. For example, the video shows disturbing images of historical, government-sanctioned discrimination, choreographed to a discussion of "intentional, deliberate and harmful discrimination," which risks creating an anti-government bias in this case. Highlighting these issues in video format, when the Court presents all of its other instructions orally, risks inflating the import of this instructions over the rest of the instructions and unfairly prejudices the government.

<u>Third</u>, the Venire Video presents a great risk of misleading the jury for another reason. In this case, the Court will inform the jurors that what the lawyers say is not evidence. It will inform the jurors that they should follow the Court's instructions on the law. Playing the video for the venire, however, contradicts that order. A majority of the Venire Video consists of statements made by two attorneys from the Western District of Washington, rather than any judge or court official in the Eastern District of New York, explaining what they believe unconscious bias is and then directing the potential jurors to explicitly consider those biases when deliberating. The delivery of such instructions by lawyers directly contradicts what the government anticipates the Court will inform jurors: lawyers do not present evidence and jurors should follow the Court's instructions on the law and the procedure for their deliberations—not what lawyers tell them. Potential jurors, the majority of whom likely have had little to no interaction with the legal system, will be told, on the one hand, that the Court's instructions on the law control. But on the other hand, they will receive instructions from attorneys, highlighted as a result of being in video format in the Venire Video, on how to deliberate and what

---

[2] The Venire Video can be accessed at the following address: https://www.wawd.uscourts.gov/jury/unconscious-bias.

considerations they should take into account when doing so. This potential confusion can easily be avoided by the Court's orally delivering a written instruction on the issue, rather than showing the venire the proposed video.

Courts in this District have repeatedly declined to show the Venire Video. See United States v. Avery, No. 19-CR-549 (SJ) (E.D.N.Y. 2022); United States v. Lamar Terry, No. 18-CR-560 (GRB) (E.D.N.Y 2022); United States v. Anthony Lawrence, No. 18-CR-527 (RJD) (E.D.N.Y. 2019); United States v. Howard Campbell, No. 18-CR-467 (LDH) (E.D.N.Y. 2019).

Rather than playing the Venire Video as part of voir dire, in the alternative, the Court should give an oral instruction—a format that does not improperly highlight one instruction over another. Indeed, the government has no objection to the oral instructions compiled by the Western District of Washington, which propose instructing the jury regarding biases—both intentional and unconscious—at various points of the criminal trial, including before jury selection, before opening statements, and during the jury charge:

> It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial. Accordingly, during this voir dire and jury selection process, I may ask questions related to the issues of bias and unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

While the Western District of Washington instruction first provides the definition of unconscious bias just before opening statements, the government proposes to provide this

3

definition at the voir dire stage, so that the prospective jurors receive this information at the time they are first instructed about unconscious bias.

        Thank you for your consideration of this request.

        Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (LDH) (by ECF)
      All Counsel of Record (by ECF)